## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HARRY K. MAHOE, JR.,
             Appellant,

      v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
SF-0752-21-0579-I-1

DATE: April 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shawn A. Luiz</u>, Esquire, Honolulu, Hawaii, for the appellant.

<u>Alexander D. Bopp</u>, Honolulu, Hawaii, for the agency.

<u>John H. Stephenson, Jr.</u>, Fort Shafter, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal for conduct unbecoming of a Security Guard. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct a finding that the appellant's 19 years of service was an aggravating factor, we AFFIRM the initial decision.

The agency's charge of conduct unbecoming of a Security Guard concerned (1) the appellant's failing to deescalate a situation with a possibly suicidal patient seeking treatment in an agency medical center's emergency department, and (2) the appellant's unnecessary and unreasonable exercise of physical force toward that patient that could have potentially caused harm. Initial Appeal File (IAF), Tab 7 at 46-56. After a hearing, the administrative judge affirmed the agency action. IAF, Tab 34, Initial Decision (ID). On review, the appellant maintains that his actions were the appropriate and measured response to the threat posed by the patient and that the agency's penalty of removal was excessive. Petition for Review (PFR) File, Tab 1 at 5-11. We disagree and discern no reason to disturb the administrative judge's findings regarding the merits of the agency charge, the existence of a nexus, and that the appellant failed to prove his affirmative defense of a due process violation. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Regarding the penalty of removal, we agree with the appellant that his 19 years of service was not properly considered in determining the reasonableness of the penalty under the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). PFR File, Tab 1 at 11. The Board has held that a deciding official may not consider the length of an employee's service as an aggravating factor under the logic that an employee with a longer tenure should have known better than to engage in the misconduct. *See Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997); *see also Wentz v. U.S. Postal Service*, 91 M.S.P.R. 176, ¶¶ 18-19 (2002), *modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010), *overruled by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 11-18. To the extent that the administrative judge affirmed any determination by the deciding official that the appellant's length of service was more of an aggravating factor than a mitigating factor, we expressly vacate this finding.[2] ID at 33-34; IAF, Tab 7 at 51-52; IAF, Tab 30, February 25, 2022 Hearing Recording (testimony of the deciding official). We clarify that we consider the appellant's 19 years of service to be a mitigating factor.

Nevertheless, we still find that removal is within the parameters of reasonableness. *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 8 (2014) (explaining that when the Board sustains all the agency's charges but finds errors in the agency's consideration of the relevant penalty factors, it will mitigate only to the extent necessary to bring the penalty within the parameters of reasonableness). In evaluating the penalty, we will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the

---

[2] The deciding official testified that the appellant's length of service was one justification for giving him a harsher penalty than that given to a novice security guard for similar misconduct. IAF, Tab 30 (testimony of the deciding official). However, he identified other, legitimate reasons for the difference in the employees' penalties, most notably the seriousness of the misconduct. *Id.* Therefore, we find no reason to disturb the administrative judge's findings regarding this comparator and note that his analysis is consistent with our recent decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14. ID at 33-35.

employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd*, 617 F. App'x 996 (Fed. Cir. 2015) (Table). Here, we find that the appellant's misconduct was serious, and his poor judgment and inability to maintain control in a stressful situation related directly to his job duties. IAF, Tab 7 at 51-54; ID at 28-35. We also find his prior discipline of a 4-day suspension for the negligent discharge of a firearm an aggravating factor. In sum, after carefully considering the relevant factors, we find that removal is within the bounds of reasonableness. *See Douglas*, 5 M.S.P.R. at 305-06 (setting forth a nonexhaustive list of factors relevant to the penalty determination in adverse actions). Thus, any error by the agency and the administrative judge in considering the appellant's length of service did not prejudice the appellant's substantive rights because, even after properly weighing that factor and crediting the appellant's 19 years of service, we find that the penalty of removal was reasonable. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Accordingly, we affirm the administrative judge's decision sustaining the appellant's removal for conduct unbecoming of a Security Guard.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                 *Gina K. Grippando*
                               _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.